1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANGELA CASTELLANO, | CASE NO. C12-5845 RJB |
| Plaintiff, | ORDER ON MRS. CASTELLANO'S MOTION FOR ATTORNEY'S FEES, CONSULTANT FEES, AND COSTS AND INTEREST |
| v. | |
| CHARTER COMMUNICATIONS, LLC, | |
| Defendant. | |

This matter comes before the court on Mrs. Castellano's Motion for Attorney's Fees, Consultant Fees, and Costs and Interest (Dkt. 93). The court has considered the motion, all documents filed in support and opposition, the events of the trial, and the remainder of the file herein.

## PROCEDURAL HISTORY

**Complaint.** On September 20, 2012, Plaintiff filed this action against Defendant claiming violations of Washington Law Against Discrimination (WLAD) by discriminating against her based on a disability, failing to provide a reasonable accommodation or accessible workplace, creating a hostile work environment, and retaliating against her. Dkt. 1. Plaintiff

1    also claimed violations of the federal and state Family Medical Leave Act (FMLA) by

2    unlawfully interfering with her use of medical leave. *Id.*

3         **Dispositive Motions & Trial.**  On October 8, 2013, Defendant filed a motion for

4    summary judgment on all of Plaintiff's claims.  Dkt. 25.  On November 19, 2013, the Court

5    granted Defendant's motion in part by dismissing Plaintiff's FMLA claims.  Dkt. 37.

6         The trial began on February 18, 2014 and lasted six days.  Dkt. 71–84.  When both

7    parties rested, Defendant made a motion for judgment as a matter of law on all of Plaintiff's

8    claims.  Dkt. 80.  On February 25, 2014, the court dismissed Plaintiff's claims of disparate

9    treatment, retaliation, and harassment, and submitted the sole remaining claim of failure to

10   accommodate to the jury.  Dkt. 84.  On February 26, 2014, an eight-person jury granted

11   judgment in Plaintiff's favor on the failure to accommodate claim, awarding $87,599.69 in

12   damages.  Dkt. 86.

13        **Motion for Attorney's Fees.**  On March 4, 2014, Plaintiff filed this Motion for

14   Attorney's Fees, requesting $74,754.17 in "costs" and consultant fees and $111,122.50 in

15   attorney's fees, for a total of $185,876.67.  Dkt. 98 at 1.  Plaintiff also requested award of a

16   multiplier "to effectuate the objectives of WLAD and to fairly compensate for the contingent

17   nature of any recovery and in recognition of the caliber of legal representation." *Id.* at 4.  She

18   cites other WLAD cases that awarded multipliers ranging from 1.3 to 1.5. *Id.* at 4–5.

19        On March 17, 2014, Defendant responded, arguing that: (1) Plaintiff failed to provide

20   adequate information to the court to determine a loadstar by relying on block billing and omitting

21   justifications for consultant and paralegal fees; (2) Plaintiff failed to segregate costs and

22   attorney's fees related to her unsuccessful claims, and her proposed fees are unreasonable in light

23   of her level of success; (3) Plaintiff failed to establish any grounds upon which a court can

24

ORDER ON MRS. CASTELLANO'S MOTION
FOR ATTORNEY'S FEES, CONSULTANT FEES,
AND COSTS AND INTEREST- 2

1  impose a multiplier on any reasonable attorney's fees; (4) the requested costs are not reasonable,

2  necessary, or sufficiently supported by evidence; and (5) Plaintiff requested consultant and

3  paralegal billing rates that are unreasonable and unsupported.  Dkt. 94.  Defendants agree that

4  Plaintiff is entitled to reasonable attorney's fees and costs, which it proposes should not exceed

5  $39,375.00 in attorney's fees and $3,230.97 in costs.  *Id.* at 13.

6      **Motion to Order Charter to Disclose Its Attorney Fees/Expenses.**  On March 14,

7  2014, Plaintiff filed an additional motion, requesting that the court order Defendant to disclose

8  its attorney fees and costs to the extent that it challenges Plaintiff's motion for attorney's fees

9  and costs.  Dkt. 95.  Plaintiff asserts that, although the decision on such a motion is completely

10  discretionary, her motion should be granted because "Charter contested matters and involved

11  multiple attorneys throughout the proceedings."  *Id.* at 3.

12      On April 7, 2014, Defendant responded to Plaintiff's motion to order disclosure, arguing

13  that: (1) Defendant's attorney's fees and costs will not assist in determining a reasonable award

14  for Plaintiff; and (2) Defendant's attorney's fees and costs are protected by attorney-client

15  privilege and there is no basis to invade the privilege.  Dkt. 102.

16      The Court declines to exercise its discretion in favor of ordering Defendant to disclose its

17  own attorneys' fees and costs in this matter.  Plaintiff's argument that Defendant "contested

18  matters," and utilized "multiple attorneys," is a vague basis for such an order.  Furthermore,

19  hours expended my multiple attorneys on Defendant's case does not relate to reasonable fees for

20  Plaintiff's counsel.  Plaintiff's Motion to Order Charter to Disclose Its Attorney Fees/Expenses

21  should be denied.

22      **Court's Order Authorizing Further Showing.**  On March 21, 2014, the court issued an

23  Order Authorizing Further Showing finding that Plaintiff had not included sufficient evidence to

24

ORDER ON MRS. CASTELLANO'S MOTION
FOR ATTORNEY'S FEES, CONSULTANT FEES,
AND COSTS AND INTEREST- 3

1    fairly determine her motion, including: a basis for the proposed $125-$150 per hour rate for

2    paralegal work and the proposed $200 per hour rate for technical assistance by Mr. Thomas.

3    Dkt. 98.  The court enumerated four areas that Plaintiff needed to address specifically: "(1) the

4    regular pay rate for her paralegal and Mr. Thomas that Ms. Mell regularly pays, (2) the

5    background and experience of her paralegal and Mr. Thomas, (3) the typical rate for paralegal

6    work and technical assistance work in the proximate legal community, and (4) more specific

7    descriptions for the work completed by the paralegal and Mr. Thomas.  Dkt. 98 at 2.  The court

8    requested the same information with regard to a Ms. Amanda King.  Dkt. 98 at 2.

9           On April 4, 2014, Plaintiff filed a response to the court's order in the form of a reply on

10   the Motion for Attorney's Fees.  Dkt. 100.  Plaintiff argues that: (1) Defendant mischaracterizes

11   large periods of attorney time spent on one task as "block billing;" (2) Plaintiff's WLAD claims

12   are too interrelated to segregate for purposes of this motion; (3) Plaintiff achieved "considerable

13   success" at trial because Defendants made no settlement offer, a greater award in attorney's fees

14   than jury award is not uncommon in WLAD cases, and Defendant likely spent more on

15   attorney's fees and costs than Plaintiff; (4) Plaintiff's rate for paralegal and consultant work is

16   comparable to other rates courts have approved; and (5) Defendant's argument that Plaintiff

17   could have filed her claims in state court should be stricken as irrelevant and Defendants likely

18   paid more in hotel costs than Plaintiff requests in this motion.  *Id.*  Plaintiff also supplemented

19   the record with a 55 page declaration, attempting to address each of Defendant's objections (Dkt.

20   94).  Dkt. 101.  In response to the court's request, Plaintiff stated that Ms. Amanda King was a

21   contract attorney who worked at a $40 per hour rate, and that Ms. Mell pays her paralegal a

22   salary of $45,000.  *Id.*

23

24

ORDER ON MRS. CASTELLANO'S MOTION
FOR ATTORNEY'S FEES, CONSULTANT FEES,
AND COSTS AND INTEREST- 4

1    On April 11, 2014, Defendant responded, asking the court to strike Plaintiff's

2   supplemented requests for fees because such a request exceeded the scope of the court's Order

3   Authorizing Further Authority.  Dkt. 104.  Defendant also argued that Plaintiff failed to provide

4   the court with (1) a reasonable paralegal rate based on the salary Ms. Mell actually pays or (2)

5   evidence of what Ms. Mell pays Mr. Thomas, if at all.  Dkt. 104 at 2–5.

6    The court will not consider Plaintiff's re-drafted attorney's fees (Dkt. 101 at 9–15)

7   submitted after the court's Order Authorizing Further Authority.  The court asked Plaintiff for

8   specific information related to her proposed paralegal and consultant rates.  It did not authorize

9   her to completely re-submit her motion for attorney's fees.  Therefore, the court analyzes the

10   hours and costs submitted in the original motion (Dkt. 94 at 6–12), supplemented by Plaintiff's

11   response to the extent it is within the scope of the court's request for information.

12   **LEGAL STANDARD**

13    Plaintiff requests attorney's fees pursuant to RCW 49.60.030(2).  This court has

14   supplemental jurisdiction over that request.  When a district court sits in diversity, or hears state

15   law claims based on supplemental jurisdiction, the court applies state substantive law to the state

16   law claims.  *Mason & Dixon Intermodal, Inc. v. Lapmaster Intern, LLC*, 632 F.3d 1056, 1060

17   (9th Cir. 2011).

18    Under Washington law, a party requesting attorneys' fees must typically establish that the

19   amount of fees requested is reasonable.  *Scott Fetzer Co. v. Weeks*, 122 Wn.2d 141, 151 (1993).

20   An accepted method for determining if an award of attorney fees is reasonable is to apply the

21   lodestar method.  *Id.* at 149.  A court determines the lodestar by multiplying a reasonable number

22   of hours by a reasonable hourly rate.  *Id.* at 150; *Bowers v. Transamerica Title Ins. Co*., 100

23   Wn.2d 581, 597 (1983).

24

Lodestar methodology is founded on the factors set forth in RPC 1.5(a), which guide members of the Bar as to the reasonableness of a fee. *Allard v. First Interstate Bank of Wash.*, 112 Wn.2d 145, 149 (1989). Washington courts rely on the Washington Rules of Professional Conduct (RPC) 1.5(a) to determine the amount of an attorneys' fee award. *Id.* at 149–50. RPC 1.5(a) lists a number of factors to be considered in determining the reasonableness of a fee:

> (1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
> (2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
> (3) The fee customarily charged in the locality for similar legal services;
> (4) The amount involved and the results obtained;
> (5) The time limitations imposed by the client or by the circumstances;
> (6) The nature and length of the professional relationship with the client;
> (7) The experience, reputation, and ability of the lawyer or lawyers performing the services;
> (8) Whether the fee is fixed or contingent; and
> (9) The terms of the fee agreement between the lawyer and client, including whether the fee agreement or confirming writing demonstrates that the client had received a reasonable and fair disclosure of material elements of the fee agreement and of the lawyer's billing practices.

The factors in RPC 1.5(a) are consistent with the approach the federal court employs for analyzing requests for attorney's fees. *See Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69–70 (9th Cir. 1975), *cert. denied*, 425 U.S. 951 (1976).

## DISCUSSION

**A. Costs and Expenses**

Plaintiff requested $74,754.17 in "costs." Dkt. 93 at 1. However, Plaintiff's list of charges comingles costs and expenses. The word "costs" is a term of art, and is defined by statute and court rule. *See* 28 U.S.C. § 1920; Fed.R.Civ.P. 54. Costs include fees of the clerk, fees for printing or transcription, witness fees, copy fees, and compensation for interpreters and court-appointed experts. 28 U.S.C. § 1920. In contrast, the word "expenses" encompasses all

1    other expenditures actually made by a litigant in connection with the lawsuit. *See* 28 U.S.C. §

2    2412(d)(1)(A); Fed. R. Civ. P. 54(d)(2)(A).  In addition, Plaintiff submitted her request in the

3    form of a motion for attorney fees, and did not submit a bill for costs as required under LCR

4    W.D. Wash. 54(d)(1).  LCR 54(d)(5) specifically requires the prevailing party to file a separate

5    motion for attorney's fees directed to the court, while a bill for costs is directed to the court clerk.

6    Therefore, the court will treat Plaintiff's "costs" as litigation expenses for purposes of this

7    motion.

8          1. Client Expenses

9          Plaintiff makes several requests for expenses incurred by Ms. Castellano.  A motion for

10   attorney's fees is to recoup fees and counsel's expenses of litigation.  This does not include

11   personal expenses—meals, parking, and mileage—incurred by Plaintiff as an individual.  In

12   addition, expenses of litigation do not include an ergonomically correct chair for Plaintiff.

13   Presumably, Plaintiff kept the chair for personal use at the close of this case.  Therefore, such

14   expenses are excluded from Plaintiff's award.

15         2. Unnecessary Mileage

16         Plaintiff also requests mileage reimbursement for Ms. Mell and Mr. Thomas for meeting

17   witnesses and traveling to the Tacoma Federal Courthouse.  Under 28 U.S.C. § 1821, witnesses

18   are entitled to a travel allowance equal to the mileage that they traveled to attend court.  This is

19   not a recoverable cost for attorneys and their staff traveling to court.  Several of Plaintiff's

20   requests should be reduced or eliminated accordingly.

21         On one occasion, Ms. Mell charged for 18 miles to meet a witness, but then apparently

22   used 146 miles for the return trip.  In another instance, Mr. Thomas drove to Oregon to pick up

23   two witnesses for trial, and stayed in a hotel.  It is unclear to the court why Mr. Thomas had to

24

ORDER ON MRS. CASTELLANO'S MOTION
FOR ATTORNEY'S FEES, CONSULTANT FEES,
AND COSTS AND INTEREST- 7

1  retrieve the witnesses rather than using public transportation, or otherwise arranging their travel.

2  Plaintiff also requests Mr. Thomas be paid an inflated rate of $100 per hour ($1,250 total) to

3  chauffeur witnesses, in addition to the requested mileage.  These costs are excessive and should

4  be excluded from the award.

5       3. Overhead Expenses

6       Plaintiff requested reimbursement for items such as "Postage," and "Binder tabs."  These

7  are vague requests relating a lawyer's overhead and are not here allowed.  Requests to reimburse

8  parking at the courthouse will also be denied because such expenses are overhead.  The court

9  should not pay the expenses of counsel for coming to work.  This is especially true of the

10  requested reimbursement for "technology training" parking, which was not a part of this case,

11  but rather a service offered by the court to attorneys for their general use in courts.

12       4. Unreasonable Expenses

13       Plaintiff asks for reimbursement on a number of expenses that could have easily been

14  mitigated and are not reasonable to request.  For example, transcription of the pre-trial hearing

15  could have been avoided by simply taking notes at the hearing.  In addition, Plaintiff requests

16  "per-diem meals" for Ms. Castellano and "staff."  Not only does Plaintiff cite no authority for

17  such a request, but these are not expenses of litigation.  Plaintiff, her counsel, and staff will eat

18  meals regardless of whether they are in trial.

19       5. Insufficient Information

20       Several of Plaintiff's requested expenses do not contain sufficient information to permit

21  the court to determine their reasonableness.  For instance, Plaintiff includes two "processor fees"

22  but does not specify what was being served, upon whom, or any other details of the fee.  (The

23  court can only assume that this was a process server rather than a word processor.)  In addition,

24

1    Plaintiff asks for a $9.95 "miscellaneous expense" for a "Starbucks meeting" with a witness.

2    The mileage to and from that meeting and the witness's fee are otherwise requested, so the

3    purpose of that charge is unclear to the court.  An expensive latte is not an expense of litigation.

4          Plaintiff also included expenses for copying and office supplies related to this case, but

5    she does not include what items were specifically purchased, the reason for copies, the cost per

6    copy, what was being copied, or any other details, or why such items were necessary to this case

7    as opposed to general office overhead.  Accordingly, recognizing that some copying and some

8    supplies are necessary litigation expenses, the court awards half of the office supply requests and

9    75 percent of the copying cost requests.

10         6. Mr. Thomas' Billing Rate

11         Plaintiff requested fees for Mr. Thomas' work in the case at a proposed rate of $200 per

12   hour.  Despite the court's order raising the question of the reasonableness of such a rate, Plaintiff

13   maintained that the proposed rate was reasonable and provided little additional information about

14   Mr. Thomas' fee.  The court specifically asked what Ms. Mell regularly pays Mr. Thomas, and it

15   is still unclear if Ms. Mell has paid him at all or if she would have paid him if Plaintiff had not

16   been successful at trial.  Moreover, Plaintiff only vaguely describes Mr. Thomas' experience and

17   his "technical expertise and expert assistance," which does not warrant a $200 rate.

18         Rather, Mr. Thomas' work seems to be more akin to the work of a legal assistant or

19   paralegal.  Much of his time is billed for matters such as "trial prep," "case organization," and

20   "scheduling witnesses."  Dkt. 94 at 6–12.  Defendant's proposal to use the rate of $21.63 (the

21   hourly rate Ms. Mell pays her paralegal) is appropriate in these circumstances.  Plaintiff's

22   requested expenses of litigation should be reduced accordingly.

23

24

7. Paralegal Billing Rate

Plaintiff requested $6,820 in paralegal fees as part of her request for attorney's fees. Paralegal fees are proper expenses of litigation, but are not part of attorney's fees. Defendant asserts that the hourly rates for Ms. Mell's paralegal ($125-$150 per hour) are unreasonable and completely unsupported by evidence. The court agrees. In response to the court's Order Authorizing Further Authority, Plaintiff maintains her request for $125-$150 per hour for paralegal work, yet admits that Ms. Mell only pays her paralegal a $45,000 salary, or $21.63 per hour assuming a standard 2,080 hour work year. Such a request is disingenuous. The paralegal rates should be reduced to $21.63 per hour.

8. Conclusion

Accordingly, the sum of $70,041.85 ($58,622.71 in Mr. Thomas' fees, $5,631.76 in paralegal fees, $5,787.38 in other expenses) shall be deducted from Plaintiff's requested expenses in accordance with the analysis above, leaving $16,232.32 to be awarded. *See* Appendix A (exclusion, inclusion, or reduction of each expense that is not rate-based); Appendix B (exclusion, inclusion, or reduction of hours billed by Mr. Thomas and paralegals).

**B. Attorney's Fees**

*1.    Time and Labor Required.*

Defendant argues that many of billed items used "block billing" or did not provide the court with a sufficient enough description of the activity to allow it to make determinations of reasonableness. For example, Plaintiff lists "phone call with attorney," "E-mail contact; review file docs," "Research," and "Trial prep." Defendant asks this Court to decline to determine a lodestar and impose across-the-board reduction of Plaintiff's requested fees. Dkt. 96 at 5. Alternatively, Defendant asks the Court to strike the block billing and vague items in their

1  entirety from any lodestar calculation.  *Id.* at 5, n.2.  The court finds that these descriptions,

2  although generally vague, are sufficient enough to award fees on time spent by Ms. Mell and her

3  staff.  Ms. Mell should be entitled to fees for the hours she requested (303.1 hours).

4         *2.*        *Novelty and Difficulty of Questions, and Skill Required*

5         Plaintiff fails to provide any evidence regarding the novelty and difficulty of the

6  questions or of the requisite skill required to perform the legal services properly involved in this

7  case.  The case appeared to be an ordinary employment case of normal complexity.

8         *3.*        *Preclusion of Other Employment.*

9         Plaintiff fails to provide any evidence of preclusion of other employment with regard to

10  Ms. Mell.  This factor does not appear to be a significant issue.

11         *4.*        *Fee Customarily Charged in Locality.*

12         Defendant does not contest the reasonableness of the rate for Joan Mell ($325-$350 per

13  hour).

14         *5.*        *Amount Involved and Results Obtained.*

15         Ms. Mell prevailed on the sole remaining claim submitted to the jury and Plaintiff was

16  awarded $87,599.69.  This award amounts to medium recovery.  The fact that Plaintiff did not

17  prevail on many claims has been considered in the net fee award.

18         Defendants argue that Plaintiff's requested fees should be drastically reduced because she

19  failed to segregate between her successful and unsuccessful claims.  Plaintiff's submitted billing

20  descriptions do not distinguish between work on successful claims versus unsuccessful claims.

21  However, if "the trial court finds the claims to be so related that no reasonable segregation of

22  successful and unsuccessful claims can be made, there need be no segregation of attorney fees."

23

24

ORDER ON MRS. CASTELLANO'S MOTION
FOR ATTORNEY'S FEES, CONSULTANT FEES,
AND COSTS AND INTEREST- 11

1  *Hume v. Am. Disposal Co.*, 124 Wn.2d 656, 673 (1994) (en banc).  In this case, all of Plaintiff's

2  claims were interrelated to a degree that no reasonable segregation should be made.

3          *6.      Time Limitations.*

4          Time limitations do not appear to have been a significant factor in this motion.

5          *7.      Nature and Length of Professional Relationship, and Undesirability of the Case*

6          Plaintiff provides no evidence of these factors.

7          *8.      Experience, Reputation and Ability of Lawyers.*

8          Ms. Mell's experience and prior employment in employment law is substantial.

9          *9.      Fixed or Contingent Fee and Terms of Fee Agreement.*  Plaintiff's counsel took

10  this case on a contingency basis.  No other information regarding the fee agreement was

11  provided to the court.

12          *10.     Lodestar Amount.*  Ms. Mell detailed the number of hours expended in this case,

13  and the fee associated with each line item.  Defendant does not dispute Ms. Mell's rate, only the

14  method of billing.  Therefore, the lodestar amount is $104,302.50.

15          *11.     Awards in Similar Cases*.  The court notes that fees awarded in other WLAD

16  cases in determining net fees for Plaintiff's counsel.  *See Boyd v. Washington et al.*, 2013 WL

17  5950733 (Wash. Super. Ct. Aug. 23, 2013) ($96,564.00); *Perryman v. Fitts Industries et al.*,

18  2013 WL 6919449 (Wash. Super. Ct. Feb. 21, 2014) ($177,742.50); *Campbell v. Catholic*

19  *Comm. Srvs. of W. Wash.*, C10-1579, Dkt. 120 (W.D. Wash. Aug. 8, 2012) ($457,252.26).

20          *12.     Conclusion.*

21          The full amount requested is reasonable and the award should not be limited.  Therefore,

22  the court should award $104,452.50 in attorney's fees to Ms. Mell. *See* Appendix C (summary of

23  attorney hours and rates, both proposed and allowed).

24

1    **C.  Contingency Multiplier**

2         After calculating attorney's fees and costs, a court "may consider an adjustment based on

3    additional factors under two broad categories: the contingent nature of success, and the quality of

4    work performed." *224 Westlake, LLC v. Engstrom Prop., LLC,* 169 Wn. App. 700, 735 (2012)

5    (internal quotation and citation omitted).  As the moving party, Plaintiff bears the burden of

6    proof. *Id.*  Because the lodestar calculation results in a "presumptively reasonable fee," however,

7    the court must exercise caution in deciding whether an adjustment is appropriate. *Id.* at 738.

8    Therefore, a contingency adjustment "should be reserved for exceptional cases where the need

9    and justification are readily apparent." *Xieng v. Peoples Nat'l Bank of Wash.*, 63 Wn. App. 572,

10   587 (1991) (internal quotation and citation omitted), *aff'd* 120 Wn.2d 512 (1993).

11        The purpose of a contingency multiplier is to encourage attorneys to take high-risk

12   contingency cases that might otherwise go unprosecuted. *Chuong Van Pham v. City of Seattle,*

13   *Seattle City Light,* 159 Wn.2d 527, 541 (2007). In determining whether a contingency multiplier

14   is warranted in a given case, a court must assess the likelihood of success at the outset of the

15   litigation and should disregard time spent on the case after recovery has been assured. *Bowers,*

16   100 Wn.2d at 598–99. While a trial court has broad discretion in awarding a contingency

17   multiplier, it should only award a contingency multiplier when "the lodestar figure does not

18   adequately account for the high risk nature of the case." *Pham,* 159 Wn.2d at 542, 151 P.3d 976.

19        In this case, WLAD's public policy objective does not support an upward adjustment of

20   the lodestar figure.  Nor is an upward adjustment warranted by the contingent nature of success.

21   The court finds that this was not an unusually high-risk case.  Although Plaintiff's prospect of

22   recovery was by no means certain, there is nothing to suggest that this case posed an above-

23   average risk. Indeed, an objective observer presented with the facts alleged in Plaintiff's

24

ORDER ON MRS. CASTELLANO'S MOTION
FOR ATTORNEY'S FEES, CONSULTANT FEES,
AND COSTS AND INTEREST- 13

1   complaint might reasonably have concluded that Plaintiff's prospects of recovery were above

2   average in comparison to those of other employment discrimination plaintiffs given the disability

3   discrimination at issue, the quality and quantity of Defendant's failures to accommodate, and the

4   fact that Plaintiff had received good work performance reviews.  This is not a case in which the

5   lodestar figure fails to adequately account for an unusually high risk.

6         Finally, the risk inherent in accepting a complex employment discrimination case is

7   reflected in counsel's hourly billing rates.  As illustrated by Plaintiff's supporting declaration

8   (Dkt. 94), the rates of $325-$350 are comparable to the prevailing rates for plaintiff employment

9   law attorneys in Tacoma.  Plaintiff's request for an additional contingency multiplier should be

10   denied.

11   **D.  Interest**

12         Plaintiff included a request for interest in the caption of her motion but did not address it

13   in her motion.  Therefore the court does not address this issue.

14   **<u>ORDER</u>**

15         Accordingly, it is hereby **ORDERED** that:

16      1.  Mrs. Castellano's Motion for Attorney's Fees, Consultant Fees, and Costs and Interests

17   (Dkt. 93) is **GRANTED IN PART AND DENIED IN PART**, as follows: Plaintiff is awarded

18   $16,232.32 in costs and expenses and $104,452.50 in attorney's fees, for a total of $120,684.82.

19      2.  Mrs. Castellano's Motion to Order Charter to Disclose its Attorney Fees/Expenses to the

20   Extent it Challenges Mrs. Castellano's Fee/Expense Application (Dkt. 95) is **DENIED**.

21         The Clerk is directed to send uncertified copies of this Order to all counsel of record and

22   to any party appearing *pro se* at said party's last known address.

23

24

ORDER ON MRS. CASTELLANO'S MOTION
FOR ATTORNEY'S FEES, CONSULTANT FEES,
AND COSTS AND INTEREST- 14

1    Dated this 17th day of April, 2014.

2

3    ROBERT J. BRYAN
     United States District Judge

4    ROBERT J. BRYAN
     United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER ON MRS. CASTELLANO'S MOTION
FOR ATTORNEY'S FEES, CONSULTANT FEES,
AND COSTS AND INTEREST- 15

**APPENDIX A – EXPENSES EXCLUDING RATE-BASED FEES**

| Amount | Description* | Reduce by |
|---|---|---|
| $74.50 | Processor fee ABC Legal Services | $74.50 |
| $350.00 | Filing Fee - US District Court (filed on 9/20/2012) | $0.00 |
| $5.20 | Postage | $5.20 |
| $5.60 | Postage ROGs & RFPs | $5.60 |
| $5.60 | Postage mailing Plt. Regs & RFPs | $5.60 |
| $114.93 | (miscellaneous expense) Kristin Dillenburg - Witness Fee | $0.00 |
| $76.16 | Travel expense - Mileage from Fircrest to Charter location in Vancouver to tour faculty exterior, take photos and meet with client (136 x $0.56=76.16) | $0.00 |
| $9.95 | (miscellaneous expense) Alaska Visa- 8538 - Starbucks meeting with Kristin Dillenburg in Wood Village, OR | $9.95 |
| $10.08 | Travel expense - Mileage from Portland, Oregon hotel to Wood Village, OR to meet with Kristin Dillenburg (witness) (18 mi x $0.56=10.08) | $0.00 |
| $81.76 | Travel expense - return mileage from Wood Village, OR to Fircrest (146 mi x $0.56=81.76) | $71.68 |
| $94.50 | Processor fee ABC Legal Services | $94.50 |
| $1,780.00 | Outside professional fee Amanda King - Research, pre-trial order, complaint, build timeline | $0.00 |
| $88.00 | Outside professional fee Amanda King - Research Motion in Limine & Jury Instructions | $0.00 |
| $720.00 | Outside professional fee Johnson, Graffe, Keay, Moniz & Wick- Mediation | $0.00 |
| $316.00 | Processor fee Alaska Visa- 8538 - Witness Fee Dr. Marlene Dietrich (with subpoena) | $0.00 |
| $45.00 | Processor fee Alaska Visa- 8538 - Gunderson Services, Lake Oswego, OR | $45.00 |
| $68.50 | (miscellaneous expense) Alaska Visa- 8538 - Binder Tabs (1-25, 26-50, A-Z) | $68.50 |
| $70.00 | Processor fee Gunderson Services, LLC - Service on Dietrich | $0.00 |
| $500.00 | Outside professional fee PeaceHealth Medical Group Neurology- Witness fee for consultation on-site- Marlene Dietrich | $0.00 |
| $152.32 | Travel expense - Mileage from Fircrest to Vancouver to meet with Dr. Dietrich and return (136 x 2 x $0.56= 152.32) | $0.00 |
| $296.35 | Processor fee ABC Legal Services | $296.35 |
| $8.00 | Travel expense - Parking at Federal Courthouse for pre-trial hearing | $8.00 |
| $668.00 | Transcription fees Buell - Castellano Deposition | $0.00 |
| $40.80 | Transcription fees Debbie Zurn- Federal Court Reporter | $40.80 |
| $325.19 | (miscellaneous expense) Office Depot- Ergonomically appropriate office chair for client with MS (AC) | $325.19 |
| $5.00 | Travel expense - Parking for Technology training at Court | $5.00 |
| $74.50 | Trial exhibits - Copying at Kinkos | $55.88 |
| $65.69 | Trial exhibits - Binders, tabs and other office supplies for Trial Exhibits and trial presentation (Quill) | $32.85 |
| $63.46 | Trial exhibits - Binders and Tabs (Office Depot) | $31.73 |
| $73.92 | Travel expense - Mileage from Vancouver to Tacoma (132 mi @ $0.56 per mi = $73.92) (AC) | $73.92 |

| | | |
|---|---|---|
| $69.00 | Travel expense - Per-diem meals (first day of travel) $34.50 x 2=$69.00 (AC) | $69.00 |
| $92.00 | Travel expense -Per-diem meals $46.00 x 2=$92.00 (AC) | $92.00 |
| $10.00 | Travel expense - Parking JWT | $10.00 |
| $10.00 | Travel expense - Parking JKM | $10.00 |
| $17.85 | (miscelaneous expense) - Meals at Courthouse | $17.85 |
| $88.48 | Travel expense - Mileage from Fircrest to Wood Village, OR to pick-up Witness Dillenburg (158 x $0.56= 88.48) | $88.48 |
| $89.09 | Travel expense - Lodging at Troutdale, OR- prior tp picking-up witnesses | $89.09 |
| $9.90 | Travel expense - Breakfast | $9.90 |
| $92.00 | Travel expense - Per-diem meals $46.00 x 2=$92.00 (AC) | $92.00 |
| $10.00 | Travel expense - Parking at Courthouse (AC) | $10.00 |
| $10.00 | Travel expense - Parking JWT | $10.00 |
| $10.00 | Travel expense - Parking JKM | $10.00 |
| $32.78 | (miscellaneous expense) - Meals at Courthouse (staff & witnesses) | $32.78 |
| $91.84 | Travel expense - Mileage from Wood Village, OR to Tacoma Courthouse (Dillenburg & Dietrich (164 x $0.56= 91.84) | $0.00 |
| $91.84 | Travel expense - Mileage from Tacoma Courthouse to Vancouver (Dietrich) and Wood Village, OR (Dillenburg) to return Witnesses (164 x $0.56= 91.84) | $0.00 |
| $88.48 | Travel expense - Mileage from Wood Village, OR to Fircrest, WA return from returning witnesses (158 x $0.56= 88.48) | $88.48 |
| $92.00 | Travel expense - Per-diem meals $46.00 x 2=$92.00 (AC) | $92.00 |
| $10.00 | Travel expense -Parking at Courthouse (AC) | $10.00 |
| $2,800.00 | Outside professional fee - appearance of Dr. Marlene Dietrich as witness (billed by Peace Health) | $0.00 |
| $10.00 | Travel expense - Parking JWT | $10.00 |
| $10.00 | Travel expense - Parking JKM | $10.00 |
| $23.67 | (miscellaneous expense) Meals at Courthouse | $23.67 |
| $9.39 | (miscellaneous expense) - Meals at Courthouse | $9.39 |
| $92.00 | Travel expense -Per-diem meals $46.00 x 2=$92.00 (AC) | $92.00 |
| $10.00 | Travel expense -Parking at Courthouse (AC) | $10.00 |
| $250.00 | Outside professional fee - request for additional information (rush) from Dr. Marlene Dietrich (Billed by Peace Health) | $0.00 |
| $10.00 | Travel expense - Parking JWT | $10.00 |
| $10.00 | Travel expense - Parking JKM | $10.00 |
| $22.40 | (miscellaneous expense) - Meals at Courthouse | $22.40 |
| $92.00 | Travel expense -Per-diem meals $46.00 x 2=$92.00 (AC) | $92.00 |
| $10.00 | Travel expense -Parking at Courthouse (AC) | $10.00 |
| $92.00 | Travel expense -Per-diem meals $46.00 x 2=$92.00 (AC) | $92.00 |
| $92.00 | Travel expense -Per-diem meals $46.00 x 2=$92.00 (AC) | $92.00 |
| $10.00 | Travel expense - Parking JWT | $10.00 |
| $10.00 | Travel expense - Parking JKM | $10.00 |
| $92.00 | Travel expense -Per-diem meals $46.00 x 2=$92.00 (AC) | $92.00 |
| $10.00 | Travel expense -Parking at Courthouse (AC) | $10.00 |
| $10.00 | Travel expense - Parking JWT | $10.00 |

| | | |
|---|---|---|
| $10.00 | Travel expense - Parking JKM | $10.00 |
| $92.00 | Travel expense -Per-diem meals $46.00 x 2=$92.00 (AC) | $92.00 |
| $10.00 | Travel expense -Parking at Courthouse (AC) | $10.00 |
| $10.00 | Travel expense - Parking JWT | $10.00 |
| $10.00 | Travel expense - Parking JKM | $10.00 |
| $578.17 | Travel expense - Hotel in Fife for 11 nights while in Trial (AC) | $578.17 |
| $92.00 | Travel expense -Per-diem meals $46.00 x 2=$92.00 (AC) | $92.00 |
| $10.00 | Travel expense -Parking at Courthouse (AC) | $10.00 |
| $73.92 | Travel expense - Return mileage Tacoma to Vancouver (132 mi @ $0.56 per mi = $73.92) (AC) | $73.92 |
| $69.00 | Travel expense - Per-diem meals (last day of travel) $34.50 x 2=$69.00 (AC) | $69.00 |
| $792.00 | (miscellaneous expense) - Reimbursement for caretaker/husband for lost wages while in Court (9 days x 8 hours x $11/hr=$792.00) (AC) | $792.00 |
| $257.35 | Photocopy charges - Case work (Ricoh MP C2550) | $193.01 |

**Total Requested**                                                              **Total Deducted**
$14,024.17                                                                        $5,787.38

* All descriptions in Appendix A are direct quotes of Plaintiff's itemized request (Dkt. 94 at 7–9).


Total Requested: $14,024.17
Total Deducted: $5.787.38
Total Allowed: $8,236.79

## APPENDIX B – EXPENSES FOR HOURS BILLED BY PARALEGALS AND MR. THOMAS

PARALEGAL FEES

Hours requested:          21.2 at $125.00/hour
                          26.8 at $150.00/hour
Total amount requested: $6,670.00

Amount allowed: $1,038.24


MR. THOMAS' FEES

Hours requested:          321.65 at $200.00/hour*
                          12.5 at $100.00/hour
Total amount requested: $65,580.00

Hours deducted: 12.5
Total amount allowed: $6,957.29

*The court notes that one line of Mr. Thomas' work (Ref #65, Dkt.94 at 7) displays a rate of $20 and a total amount of $230.00.  It appears that the rate was misstated but the total amount was correct.  The court construes this as a request for 1.15 hours of work.


TOTAL
Total Requested: $72,250.00
Total Deducted: $64,254.47
Total Allowed: $7,995.53

ORDER ON MRS. CASTELLANO'S MOTION
FOR ATTORNEY'S FEES, CONSULTANT FEES,
AND COSTS AND INTEREST- 19

1

### APPENDIX C – SUMMARY OF ATTORNEY'S FEES

2

Hours requested:       65.3 at $325.00/hour
                              237.8 at $350.00/hour

Total amount requested: $104,452.50

3

Amount allowed: $104,452.50

4

(Note that paralegal fees requested are addressed as expenses.  *See* Appendix B.)

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER ON MRS. CASTELLANO'S MOTION
FOR ATTORNEY'S FEES, CONSULTANT FEES,
AND COSTS AND INTEREST- 20