UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANGELA CASTELLANO,<br><br>               Plaintiff,<br><br>   v.<br><br>CHARTER COMMUNICATIONS, LLC,<br><br>               Defendant. | CASE NO. C12-5845 RJB<br><br>ORDER DENYING DEFENDANT'S MOTION FOR CLARIFICATION OF JUDGMENT |

This matter comes before the court on Defendant's Motion for Clarification of Judgment (Dkt. 99). The court has reviewed the motion, filings in opposition and support, and the remainder of the file herein.

**PROCEDURAL HISTORY**

The trial in this case began on February 18, 2014 and lasted six days. Dkt. 71–84. When both parties rested, Defendant made a motion for judgment as a matter of law on all of Plaintiff's claims. Dkt. 80. On February 25, 2014, the court dismissed Plaintiff's claims of disparate treatment, retaliation, and harassment, and submitted the sole remaining claim of failure to accommodate to the jury. Dkt. 84. On February 26, 2014, an eight-person jury granted

judgment in Plaintiff's favor on the failure to accommodate claim, awarding $87,599.69 in damages. Dkt. 86.

On April 3, 2013, Defendant file this motion, asking the court to clarify what portion, if any, of the judgment it should allocate as wages for tax purposes. Dkt. 99. Defendant reasons that it is required to withhold, report, and pay taxes on wages and the general verdict form is unclear as to what portion is considered as wages. *Id.* at 2–4. Defendant represents that it attempted to meet and confer with Plaintiff, but a resolution could not be reached. *Id.* at 4.

On April 11, 2014, Plaintiff responded that Defendant's motion "seeks to invade the jury verdict and the exclusive jurisdiction of the IRS over taxation issues." Dkt. 103 at 1. Defendant replied on April 18, 2014, arguing that the court could make a decision on this motion. Dkt. 107.

**DISCUSSION**

Defendant correctly states that whether a judgment is considered to be wages is a factual issue. *See, e.g.*, *Pac. Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1, 19, (1991). Therefore, it is improper for this court to usurp the fact-finding role of the jury in this case by making any findings clarifying the judgment.

Moreover, although Defendant proposed a special verdict form that would have specified wages (Dkt. 58), "the trial court has complete discretion whether a general or special verdict is to be returned." *Mateyko v. Felix*, 924 F.2d 824, 827 (9th Cir. 1990). At trial, the court declined to use Defendant's proposed special verdict form and instead used a general verdict form. Dkt. at 86. Justices Douglas and Black once stated that "[o]ne of the ancient, fundamental reasons for having general jury verdicts was to preserve the right of trial by jury as an indispensable part of a free government." 374 U.S. 861, 867–68 (1963) (dissenting from the adoption of special verdict form amendments to the Federal Rules of Civil Procedure).

Because the jury was given a general verdict form, there is no way for the court or the parties to speculate as to how the jurors meant to allocate the verdict. Defendant notes that the verdict appears to reflect testimony Ms. Castellano gave about her yearly wages ($42,977.00 in 2011 and $46,125.00 in 2010). Dkt. 99 at 5. However, the jury verdict does not equal the sum of those numbers and "nearly equal," as Defendants contend, is not a sufficient basis for the court to disturb the jury verdict. Moreover, Defendant has not provided any real precedent or case law showing authority for judges to clarify the verdict following a jury trial under circumstances such as these. In total, it would be inappropriate for the court to make any modifications to the jury's verdict and the court declines to do so. Defendant's Motion for Clarification of Judgment should be denied.

## **ORDER**

Accordingly, it is hereby **ORDERED** that Defendant's Motion for Clarification of Judgment (Dkt. 99) is **DENIED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 21st day of April, 2014.

ROBERT J. BRYAN
United States District Judge